Carolyn J. Johnsen – 011894
cjjohnsen@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
The Collier Center, 11th Floor
201 East Washington Street
Phoenix, Arizona 85004-2385
Telephone: (602) 262-5911
Facsimile: (602) 495-2696

*Counsel for Unsecured Creditors Committee*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>NUTRACEA, a California corporation,<br><br>Debtor. | Chapter 11 Proceedings<br><br>Case No. 2:09-bk-28817-CGC<br><br>**OBJECTION TO EXPEDITED SALE HEARING AND MOTION TO CONTINUE HEARING AND ALL RELEVANT DATES** |

The Official Committee of Unsecured Creditors ("Committee") objects to the Debtor's expedited hearing for the sale of significant assets currently set for March 1, 2010 ("Sale Hearing"). Debtor's sale motion requests approval of the sale of its infant cereal business and all related equipment for $3.9 million ("Sale Motion"). The Hearing has been scheduled such that the Committee has no realistic time to analyze the sale and more importantly, any potential bidders are shut out of the process. The Committee requests the Hearing and be continued for 45 days and all related dates be extended accordingly.

<u>The Current Timelines</u>

Debtor filed its Sale Motion after the close of business on February 11, 2010. At the same time, it filed a motion to establish bidding procedures ("Bidding Motion") and its requests for expedited relief. A hearing has been scheduled on the Bidding Motion for

February 18, 2010 with the Sale Hearing to occur 11 days later. The proposed Order approving the Bidding Motion requires potential bidders to qualify by providing a confidentiality agreement, financing commitment and a written offer by February 24th. The Sale Motion (page 8) provides that notice of the sale is to be provided within one business day after approval of the Bidding Motion, so February 19th assuming approval. Thus, potential bidders will have less than 3 business days to perform due diligence and make an offer. The objections to the Sale Motion are due on February 24th.

Debtor's Refusal to Provide Information to the Committee

Since the commencement of its bankruptcy in November 2009, Debtor has consistently referred in its pleadings to a need and a plan to "monetize certain of its assets." However, it has until the filing of the Sale Motion **refused** to provide **any** information to the Committee.

At a status hearing on January 12, 2010, Debtor's counsel told the Court it had received two letters of intent for the purchase of a portion of its assets. On January 21st, Committee counsel requested copies of the LOI's—**no** response. On January 27th, Committee counsel again requested information on any potential sale—**no** response. On January 18th, Committee counsel requested weekly financial reports and on January 27th requested answers to various financial questions—**no** response.

On February 4, 2010, Debtor's counsel asked if Committee counsel would meet the next day about the current sale. At that meeting however, Debtor's counsel **refused** to disclose the purchaser, provide a copy of the proposed asset purchase agreement or any other information whatsoever about the sale, even though all the information had been provided to Wells Fargo Bank. Counsel promised the Sale Motion would be filed on February 8th; it was filed late on the 11th and all hearings were scheduled on the 12th. Prior to the filing of the Sale Motion, Committee counsel had asked to meet with Debtor's counsel and the Debtor's financial advisor on February 15th in anticipation of the Sale Motion, but that was

1 never scheduled.

2 At the February 5th meeting, Debtor's counsel provided for the first time its weekly reports of financial activity despite earlier requests. The Debtor has **failed** to file its January Operating Report and now February is due. The Debtor has even **refused** to provide a copy of a power point presentation about its business which would have given the Committee an overview of the very business about to be sold. (See e-mail correspondence regarding the foregoing attached as Exhibit A).

In its Sale Motion, Debtor says the sale is an emergency. But time records for Debtor's general and special counsel reflect that they have been working on this deal since December.

The Timelines Are Unrealistic and Fail to Provide Due Process

The Debtor's proposed sale is hardly a fair process. The Sale and Bidding Motions were filed one day prior to a 3-day holiday weekend with no prior disclosure whatsoever to the Committee. The Committee, and any creditors or other parties in interest for that matter, will have had two-business days to review and object to the Bidding Motion and 7 business days to object to the Sale Motion. There is no meaningful opportunity to analyze this sale in this time-frame. The Committee is forced to start from square one given the Debtor's absolute refusal to provide any information. The proposed time-lines do not provide for appropriate time to make a determination as to whether this sale is remotely in the best interest of creditors. There is insufficient time to inquire about valuations, other offers, potential purchasers or the $150,000 break-up/reimbursement fee. There is insufficient time for the Committee to confer and make reasonable decisions.

There is no meaningful opportunity for bidding. Even if the Bidding Motion is granted at the February 18th hearing, bidders will have less than 3 business days in which to sign a confidentiality agreement, provide evidence of financial wherewithal, make a $250,000 deposit and submit a bid. To say this is an absolute chilling of the bidding is an

understatement.

In accordance with due process and all equitable principles as established in the Bankruptcy Code with respect to sales, the motions cannot go forward as scheduled.

Request for Relief

The Committee requests the following relief:

- That the hearing on the Bidding Motion be continued until February 23, 2010 with objections due one day prior.
- That the Committee be provided all information about the sale on an expedited basis.
- That the Sale Hearing be continued until the week of April 12th. This is realistic given the Debtor's refusal to provide information and the need for the Committee to properly analyze whether the sale is in the best interest of creditors.
- That all deadlines be extended accordingly. Assuming bidding procedures can be approved, this will give sufficient time for adequate noticing of the Sale Motion and appropriate time, albeit it quick, for potential bidders to conduct due diligence and submit a bid.

Dated this 16th day of February, 2010.

JENNINGS, STROUSS & SALMON, P.L.C.

By /s/ *Carolyn J. Johnsen - 011894*
Carolyn J. Johnsen
Counsel for Unsecured Creditors
Committee

COPY of the foregoing mailed and/or e-mailed
this 16th day of February, 2010, to all parties on the
attached Service List.

/s/ *Jeannie Baker*

# NUTRACEA UNSECURED CREDITORS COMMITTEE
# SERVICE LIST

| | | |
|---|---|---|
| James E. Cross<br>Osborn Maledon<br>2929 N. Central Ave. #2100<br>Phoenix, AZ 85012<br>jcross@omlaw.com<br>**Atty for Debtor** | S. Cary Forrester<br>Forrester & Worth<br>3636 N. Central Ave. #700<br>Phoenix, AZ 85012<br>scf@fwlawaz.com<br>**Atty for Debtor** | John R. Clemency<br>Julie Rystad<br>Gallagher & Kennedy<br>2575 E. Camelback Rd. #1100<br>Phoenix, AZ 85016<br>john.clemency@gknet.com<br>julie.rystad@gknet.com<br>**Atty for Wells Fargo Bank** |
| Richard J. Cuellar<br>Office of the U.S. Trustee<br>230 N. First Ave. #204<br>Phoenix, AZ 85003-1706<br>ric.j.cuellar@usdoj.gov | Thomas G. Luikens<br>Joseph M. Hillegas, Jr.<br>Ayers & Brown<br>4227 N. 32nd St. 1st Floor<br>Phoenix, AZ 85018-4757<br>thomas.luikens@azbar.org<br>**Atty for AICCO, Inc.** | Jeffrey W. Peters<br>The Powell Group<br>P.O. Box 788<br>Baton Rouge, LA 70821-0788<br>jpeters@powellgroup.com<br>**Atty for Farmers Rice Milling** |
| Chad L. Schexnayder<br>Jennings, Haug & Cunningham<br>2800 N. Central Ave. #1800<br>Phoenix, AZ 85004-1049<br>cls@jhc-law.com<br>**Atty for AVAZ, Inc.** | Gerald L. Shelley<br>Fennemore Craig<br>3003 N. Central Ave. #2600<br>Phoenix, AZ 85012<br>gshelley@fclaw.com<br>**Atty for Bradley Edson** | Todd B. Tuggle<br>Jennings, Strouss & Salmon<br>201 E. Washington St. 11th Fl<br>Phoenix, AZ 85004-2385<br>ttuggle@jsslaw.com<br>**Atty for WD Manor Mechancial** |
| Stephen L. Williamson<br>Montgomery Barnett Brown Read<br>1100 Poydras St. #3300<br>New Orleans, LA 70130<br>swilliamson@monbar.com<br>**Atty for Farmers Rice Milling** | James R. Wakefield<br>Charles P. Murawski<br>Cummins & White<br>2424 SE Bristol St. #300<br>Newport Beach, CA 92660-0757<br>jwakefield@cwlawyers.com<br>cmurawski@cwlawyers.com<br>**Atty for Wellington Foods** | David W. Creeggan<br>Trainor Fairbrook<br>980 Fulton Ave.<br>Sacramento, CA 95825<br>dcreeggan@trainorfairbrook.com<br>**Atty for Mansfield Warehousing** |
| Drane, Freyer and Lapins<br>Attn: Wendy Freyer, Esq.<br>150 North Wacker Drive, 8th Fl.<br>Chicago, IL 60606<br>wendy_freyer@transwestern.net | Baruch Halpern<br>Halpern Capital<br>20900 NE 30th Ave. #200<br>Aventura, FL 33180-2162<br>bhalpern@halperncapital.com | Audio Video Resources Inc.<br>4323 E. Cotton Center Blvd<br>Phoenix, AZ 85040<br>mtemen@avrinc.com |
| Jim Michaels<br>Brycon Corporation<br>6150 W. Chandler Blvd., #39<br>Chandler, AZ 85226<br>jmichaels@brycon.com | Jeffrey W. Peters<br>Farmers Rice Milling Company<br>P.O. Box 788<br>Baton Rouge, LA 70821<br>jpeters@powellgroup.com | Trea, Inc.<br>4216 S. 36th Place<br>Phoenix, AZ 85040<br>peterk@treainc.com |
| MSS Technologies, Inc.<br>1555 E. Orangewood Avenue<br>Phoenix, AZ 85020<br>jtrierweiler@msstech.com | Wellington Foods, Inc.<br>3250 E. 29th Street<br>Long Beach, CA 90806<br>tonyh2@wellingtonfoods.com | Louisiana Rice Mill<br>102 South 13th Street<br>Mermentau, LA 70556 |
| McDermott, Will & Emery<br>600 13th Street, NW<br>Washington, DC 20005-3096 | Navigant Consulting, Inc.<br>30 S. Wacker Drive, #3100<br>Chicago, IL 60606 | Osborn Maledon<br>Iolta Account<br>2929 N. Central Ave<br>Phoenix, AZ 85012 |
| Primeshares<br>Attn: RVS<br>261 Fifth Ave. 22nd Fl.<br>New York, NY 10016 | Sacramento Bag Mfg. Co.<br>440 N. Pioneer Avenue<br>P.O. Box 1788<br>Woodland, CA 95776 | Weintraub Genshlea Chediak Law<br>400 Capitol Mall, 11th Floor<br>Sacramento, CA 95814 |
| Bryson Law Firm<br>7227 E. Baseline Rd. #114<br>Mesa, AZ 85209 | Linda Boyle<br>TW Telecom, Inc.<br>10475 Park Meadows Dr, #400<br>Littleton, CO 80124 | Aetna<br>P.O. Box 88860<br>Chicago, IL 60695 |

3326680v1(61204.1)

# NUTRACEA UNSECURED CREDITORS COMMITTEE
## SERVICE LIST

| Herbalscience Singapore PTE Ltd.<br>1 Science Park Rd., #01-07<br>The Capricorn<br>Singapore Science Park II<br>Singapore | Aaron A. Tigert, Esq.<br>Vita Plus Corporation<br>2514 Fish Hatchery Rd.<br>P.O. Box 259126<br>Madison, WI 53725 | PHD Technologies, LLC<br>3234 Bayberry Road<br>Ames, IA 50014 |
|---|---|---|
| Foley & Lardner, LLP<br>555 South Flower St., #3500<br>Los Angeles, CA 90071-2411 | Carol Grumbach<br>Hadasit Medical & Research<br>Svc. & Development Ltd.<br>P.O. Box 12000<br>Jeruselum Israel 91120 | Farmers Rice Cooperative<br>1760 Creekside Oaks Dr #200<br>Sacramento, CA 95833 |
| Henderiknus Hoogenkemp<br>Grote Leof 36<br>6581 JG Malden<br>Netherlands | | |