**FORRESTER & WORTH, PLLC**
3636 NORTH CENTRAL AVENUE, SUITE 700
PHOENIX, ARIZONA  85012-1927
TELEPHONE (602) 271-4250
FACSIMILE (602) 271-4300
S. CARY FORRESTER (006342)
E-MAIL SCF@FWLAWAZ.COM

ATTORNEYS FOR DEBTOR

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>NUTRACEA, a California corporation,<br><br>　　　　　　Debtor. | Chapter 11<br><br>Case No. 2-09-bk-28817-CGC<br><br>**APPLICATION OF DEBTOR FOR APPROVAL OF EMPLOYMENT OF ERNST & YOUNG, LLP AS TAX ADVISOR** *NUNC PRO TUNC* **TO JANUARY 22, 2010** |

Pursuant to 11 U.S.C. § 327(a) and 328(a), Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1 debtor NutraCea, a California corporation ("**Debtor**"), hereby applies to employ Ernst & Young LLP ("**E&Y LLP**"), as its tax advisor, *nunc pro tunc* to January 22, 2010.  In support of this application, Debtor states as follows:

1.　　　Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code on November 10, 2009 (the "**Petition Date**").

2.　　　Debtor is a publicly traded health-science company that develops and distributes stabilized rice bran and proprietary rice bran formulations.

3.　　　Debtor requires the services of a tax advisor to prepare its federal, state and local income and franchise tax returns and related work papers for fiscal years 2008 and 2009, and to provide general tax advice.

4. Debtor desires to employ E&Y LLP as its tax advisor, effective as of January 22, 2010 pursuant to the terms and conditions set forth in the agreements between the Debtor and E&Y LLP (the "Engagement Letters"). The Engagement Letters consist of the Master Tax Services Agreement, dated January 22, 2010, and the Tax Advisory and Tax Compliance Statement of Work, dated January 22, 2010, copies of which are attached to the attached Affidavit of John M. Taylor as Schedules A-1 and A-2.

5. E&Y LLP is a duly licensed certified public accounting firm in the State of Arizona and has considerable experience in the preparation of state, local and federal tax returns.

6. Debtor selected E&Y LLP because of its considerable experience in the preparation of state, local and federal tax returns and related work papers and its overall expertise in tax matters.

7. As is set forth in the attached Affidavit of John M. Taylor, prior to the Petition Date, Debtor employed E&Y LLP as its tax advisor. During the ninety days immediately preceding the bankruptcy filing, Debtor paid to E&Y LLP a total of $48,000. As of the date hereof, E&Y LLP is owed approximately $18,748 by Debtor for services provided by E&Y LLP prior to the bankruptcy filing. Upon approval of this Application, E&Y LLP has agreed to waive any claim for amounts owing for pre-petition services.

8. As is set forth in the attached Affidavit of John M. Taylor, E&Y LLP has extensive experience in tax-related accounting matters.

9. To the best of Debtor's knowledge, and except as otherwise set forth in the attached Affidavit of John M. Taylor: (a) E&Y LLP has no connection with Debtor, any creditor, any party in interest, their respective attorneys and accountants, the United States

Trustee, or any person employed in the office of the United States Trustee; (b) holds no claim against Debtor or the estate; and (c) represents no interest adverse to Debtor or the estate.

10. E&Y LLP may be employed, or have been employed, as tax advisor for one or more creditors, professionals or equity security holders of Debtor, but such employment is not adverse to the Debtor and no confidential information has been or will be shared.

11. The following professionals whom E&Y LLP believes to be closely associated with Debtor's chapter 11 case have provided in the past and/or are currently providing services to E&Y LLP: Sidley Austin LLP; Paychex, Inc.; Iron Mountain; Stratify; Navigant Consulting; and Jennings, Strouss & Salmon PLC. In addition, Wells Fargo Bank is a lender that participates in E&Y LLP's Revolving Credit Program.

12. E&Y LLP is currently a party or participant in certain litigation matters involving parties-in-interest in this case, as follows:

A. Aetna Life Insurance Company is a co-defendant with E&Y LLP in an action pending in the United States District Court for the Northern District of Georgia (Civil Action No: 1-09-cv-2635).

B. Sidley Austin LLP is (i) a co-defendant with, among others, E&Y LLP in an arbitration matter before the American Arbitration Association: and (ii) is a co-defendant in an action pending in the District Court of Harris County, Texas 113th Judicial District (No: 2004-14400).

C. Wells Fargo Securities LLC is a co-defendant with, among others, E&Y LLP) in litigations pending in the United States District Court for the Southern District of New York with the following case numbers: (1:O9-cv-2363); (1:09-cv-1946); (1:O9-cv-6041); (Civ. No: 1:08cv9793) and (Civ. No: 09-07878).

13. The hourly rates charged by E&Y LLP range from $679.00 for partners to $221.00 for staff. The rates are subject to periodic review and adjustment.

14. The following chart shows the 2010 billing rates for the professionals who may provide services to the Debtor:

| PROFESSIONAL | STANDARD RATE | DISCOUNTED RATE | DISCOUNTED RATE |
|---|---|---|---|
| Principals / Partner | $970 | 70% | $679 |
| Executive Directors | $825 | 70% | $578 |
| Senior Manager | $810 | 70% | $567 |
| Manager | $660 | 70% | $462 |
| Senior | $610 | 70% | $427 |
| Staff | $315 | 70% | $221 |

15. Included among the terms and conditions set forth in the Engagement Letters is language substantially similar to the following:

Any controversy or claim with respect to, in connection with, arising out of, or in any way related to this Agreement or the services provided hereunder (including any such matter involving any parent, subsidiary, affiliate, successor in interest or agent of the Client or its subsidiaries or of E&Y LLP shall be brought in the Bankruptcy Court or the applicable district court (if such district court withdraws the reference) and the parties to this Agreement, and any and all successors and assigns thereof, consent to the jurisdiction and venue of such court as the sole and exclusive forum (unless such court does not have jurisdiction and venue of such claims or controversies) for the resolution of such claims, causes of action or lawsuits. The parties to this Agreement, and any and all successors and assigns thereof, hereby waive trial by jury, such waiver being informed and freely made. If the Bankruptcy Court, or the district court upon withdrawal of the reference, does not have or retain jurisdiction over the foregoing claims or controversies, the parties to this Agreement and any and all successors and assigns thereof, agree to submit first to nonbinding mediation; and, if mediation is not successful, then to binding arbitration, in accordance with the dispute resolution procedures set forth in Exhibit B to this Agreement. Judgment on any arbitration award may be entered in any court having proper jurisdiction. The foregoing is binding upon the Client, E&Y LLP and any all successors and assigns thereof.

16. In addition, included among the terms and conditions set forth in the Engagement Letters is language substantially similar to the following:

E&Y LLP shall be solely responsible for the performance of the Services and all of the other liabilities and obligations of E&Y LLP under this Agreement, including any Statement of Work. Client and its affiliates or other persons or entities for or in respect of which any of the Services are provided shall have no recourse, and shall bring no claim, against any E&Y Entity other than E&Y LLP, or against any subcontractors, members, shareholders, directors, officers, managers, partners or employees of E&Y LLP or any other E&Y Entity, or any of the assets of any thereof, in connection with the performance of the Services or otherwise under the Agreement or any Statement Of Work.

Neither party will be liable to the other (or to any affiliate thereof or any other person or entity for or in respect of which any of the Services are provided), for any consequential, incidental, indirect, punitive or special damages (including loss of profits, data, business or goodwill) in connection with the performance of the Services or otherwise under this Agreement, regardless of whether such liability is based on breach of contract, tort, strict liability, breach of warranty, failure of essential purpose or otherwise, and even if the first party is advised of the likelihood of such damages.

To the fullest extent permitted by applicable law (including. without limitation, for these purposes, the rules and interpretations of the AICPA and the U.S. Securities and Exchange Commission), and except in the case of E&Y LLP's willful misconduct, the total aggregate liability of E&Y LLP to Client (and to any affiliate thereof or any other person or entity for or in respect of which any of the Services are provided) in connection with the performance of the Services shall be limited to the fees actually paid to E&Y LLP in respect of the Services directly relating to and forming the basis of Client's claim, regardless of whether liability is based on breach of contract, tort, strict liability, breach of warranty, failure of essential purpose or otherwise.

17. Debtor seeks approval of the employment of E&Y LLP *nunc pro tunc* as of January 22, 2010. E&Y LLP began rendering services on a limited basis on that date in order to assist the Debtor with pressing tax planning matters. The services provided were limited to the matters that could not be delayed. Accordingly, Debtor submits that nunc pro tunc approval of E&Y LLP's employment as of January 22, 2010 is appropriate. *See*

*In re Atkins*, 69 F.3d 970 (9th Cir. 1995) (*nunc pro tunc* approval appropriate where delay in obtaining court approval is satisfactorily explained and services benefitted the estate); *Okamoto v. THC Fin. Corp. (In re THC Fin. Corp.),* 837 F.2d 389 (9th Cir.1988)(same).

    18.    The Affidavit of John M. Taylor pursuant to 11 U.S.C. §§ 327(a) and Bankruptcy Rule 2014(a) is attached hereto as Exhibit "A" and incorporated herein.

WHEREFORE, the Debtor requests that it be authorized to employ E&Y LLP as its tax advisor, on the terms set forth in the Engagement Letters attached to the Declaration of John M. Taylor, effective as of January 22, 2010, and that it have such other and further relief as may be proper under the circumstances.

Dated this 12th day of March, 2010.

                        FORRESTER & WORTH, PLLC

                        /s/ SCF (006342)
                        S. Cary Forrester
                        Attorneys for Debtor

Copy emailed and/or mailed on this 12th day
of March, 2010 to all those on the Official
Notice Service List.

/s/ Carrie A. Lawrence
Carrie A. Lawrence